JOHN F. JONES, plaintiff in error, vs. JOHN T. HENDERSON, defendant in error.

In proceedings to foreclose a mortgage on realty, the Court permitted the plaintiff to amend the pleading so as to change the time mentioned therein as to the maturity of the note set forth, from January 1st, 1869, to January 1st, 1868:

*Held*, That such amendment did not introduce a new cause of action, nor was the defendant, on that account, entitled to a continuance, unless he showed, as is provided in section 3470 of the Code, "that he was less prepared for trial, and how, than he would have been if such amendment had not been made."

Amendment. Continuance. Mortgage. Before Judge HARRELL. Early Superior Court. October Term, 1872.

John T. Henderson instituted proceedings against P. B. & John F. Jones to foreclose a mortgage executed by them to secure the payment of two promissory notes, each dated Feb-

ruary 1st, 1867, for the sum of $5,333 33, one due January 1st, 1868, and the other January 1st, 1869. The petition set forth that the note last aforesaid was unpaid, and prayed that the usual rule *nisi* might issue. The rule *nisi* was in the usual form. The defendants pleaded that they were not indebted in manner and form as charged.

The note due January 1st, 1868, was tendered in evidence; the defendants objected to its admissibility on the ground that it varied from the one set forth in the rule *nisi*. The objection was sustained.

The plaintiff then moved to amend the pleadings by inserting therein a correct description of the note tendered in evidence. The amendment was allowed over the objection of the defendants.

The defendants moved to continue, on the ground of surprise resulting from said amendment, by reason of which they were unprepared for trial. In support of this motion, they showed that the two notes set forth in said mortgage had been given for lands purchased from Henderson, which were sold as free from incumbrances; that, in fact, there was a mortgage on the same to a large amount; that Henderson was insolvent; that they desired to file the proper pleas to avail themselves of the aforesaid defense, and to procure the evidence to sustain the same. The plaintiff made a counter-showing, in which he admitted the existence of the aforesaid mortgage incumbrance, but stated that he was solvent and amply able to respond for any damages that the defendants might sustain by reason thereof.

The motion for a continuance was overruled. The jury returned a verdict for the plaintiff. The defendants excepted to the allowance of the aforesaid amendment and to the overruling of the motion for a continuance, and now assign the same as error.

Whilst the case was pending in this Court, P. B. Jones died, and it proceeded in the name of John F. Jones, as surviving partner.

T. F. Jones, by Z. D. Harrison, for plaintiff in error.

H. & I. L. Fielder, for defendant.

Trippe, Judge.

The amendment allowed by the Court was to correct the mistake in the pleadings as to the date when the note was due. This was not making or substituting a new cause of action, unless something further appeared showing it to be such. Had the amendment been the striking out one note and inserting another, and if the defendant below had made it appear that he was or had been misled by the first description of the note and the allowance of the amendment, and that " he was less prepared for trial, *and how,* than he would have been if such amendment had not been made," the right to a continuance by defendant would have been complete: Revised Code, section 3470.

The showing that was made for a continuance was on a ground which existed, and was well known to defendant, when the case was called, and applied to either and both the notes— to the one due in 1868 as well as the one due in 1869. Defendant did not show that he had been ousted of the land, or that any proceedings threatening such a result had ever been instituted. His great default was in not having taken any steps either to set up or establish any defense in the case. These facts, taken in connection with the counter-showing made by plaintiff, satisfy us that the motion to continue was properly overruled.

Judgment affirmed.